Mr. Justice Walker delivered the opinion of the court. In this case, the statute bar had commenced running before the death of the defendant, who died before the bar had matured by the efflux of time, but after his death, and before the claim was presented to the administrator for allowance or suit brought upon it, the statute bar of limitation had matured. To the plea of limitations it was replied, that on the blank day of blank, and before the claim was barred by limitation, the intestate departed this life, and that within two years after the grant of administration on his estate, the plaintiff presented his claim and commenced his action. If two years are allowed by the statute after the grant of administration on the estate of the debtor, in which to commence an action against his representative, the effect of which is to suspend the operation of the statute for that length of time, then the replication (if formal) is good. The provisions of the 99th chapter, Digest, will, upon examination, be found to relate to the disabilities of parties plaintiff having a right of action; and the two years given by statute in which to present claims against the estates of deceased persons, was evidently intended to limit the time for the presentation of claims against estates without reference to the general provisions of the statute of limitations, and does not affect the operation of the statute or extend the time for two years, irrespective of the time which the statute bar has run at the death of the testator or intestate. As a general rule, where a statute commences running, it continues to run on until the bar becomes complete. This general rule has been qualified by this court upon the authority of the decisions of the courts of Maryland, Tennessee, North Carolina, Mississippi and Alabama, as will be seen by reference to the case of Aiken v. Bailey, 5 Eng. 584, where the death of a party has been held to produce a temporary suspension of the operation of the statute, for then there are no parties competent to sue or be sued. As for instance, if the payor of a note should die after the statute commenced running, but before the statute bar had matured, the time between the death of such party and the substitution of a new party, executor or administrator, would not be estimated in computing the time of the statute bar, but the statute would be held to re-commence running from the date of the substitution of such new party, and continue to run until the time before the death of the testator or intestate, and that after the substitution of such new party taken together, should form a complete statute bar. In this view of the case, the replication was clearly defective! It is not shown when the intestate died, nor when letters were granted to the administrator. It is, therefore, impossible to tell from the replication, whether the action was commenced in time to save it from the operation of the statute or not, for in order to estimate the time which the statute had run before the death of the intestate, it was necessary to show when the death took place; and so, also, to show the time which elapsed after the substitution of the new party, it was necessary to show when he was substituted. There was, therefore, no error in the judgment of the Circuit Court in deciding the replication insufficient in law. Let the judgment of the Circuit Court be in all things affirmed, with costs.